**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-56746 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-06605-WDK |
| v. | |
| RICHARD OLAWALE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
William D. Keller, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Richard Olawale appeals pro se from the district court's order denying in

part his motion requesting the return of property seized by the United States

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

LSS/Research

government. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's denial of a motion for return of property and for clear error its findings of fact. *United States v. Marshall*, 338 F.3d 990, 993 (9th Cir. 2003). We affirm.

The district court properly determined that Olawale's request for the return of his property seized for forfeiture was barred by the statute of limitations because he did not file it within five years of the date of final publication of notice of seizure. *See* 18 U.S.C. § 983(e)(1), (3) (providing that "any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture," but "not later than 5 years after the date of final publication of notice of seizure of the property").

Olawale's remaining contentions are unpersuasive.

**AFFIRMED.**